UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

NOT FOR ELECTRONIC OR PRINT PUBLICATION

----------------------------------------X

ANDRES BRYAN,

        Plaintiff,

-against-

THE CITY OF NEW YORK,

        Defendant.

MEMORANDUM AND ORDER  
07-CV-01625 (ARR)

----------------------------------------X

ROSS, United States District Judge:

Plaintiff files this action *pro se* pursuant to 42 U.S.C. § 1983 alleging malicious prosecution. He seeks damages of "no less than one million dollars." Complaint at ¶ 16. Plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court directs plaintiff to submit an amended *in forma pauperis* application and an amended complaint within thirty days of this Order.

## BACKGROUND

On or about March 17, 2003, plaintiff was arrested on three separate charges of first degree rape and detained. Complaint at ¶ 6. He was arraigned, denied bail, and then on March 28, 2003 an indictment was filed against him in Kings County Supreme Court. Id. at ¶¶ 7-8. On or about July 9, 2003, "DNA lab tests exculpated the Plaintiff of all charges," but plaintiff remained imprisoned until August 21, 2003, when he was released on his own recognizance but ordered to post $25,000.00 in bail. Id. at ¶ 9-10. Plaintiff alleges that his prosecution continued despite the DNA evidence until the charges were dismissed on November 9, 2004. Id. at 11-12.

1

## DISCUSSION

A. Standard of Review

In reviewing plaintiff's complaint, the Court is mindful that the submissions of a *pro se* litigant must be construed liberally and interpreted "to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006). Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is "frivolous" when either: (1) "'the factual contentions are clearly baseless,' such as when allegations are the product of delusion of fantasy," or (2) "the claim is 'based on an indisputedly meritless legal theory.'" Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998) (internal citations omitted).

B. In Forma Pauperis Status

Under 28 U.S.C. § 1914, the filing fee to commence a civil action is $350. Under 28 U.S.C. § 1915, the Court may waive the filing fee upon finding a plaintiff indigent. In his request to proceed *in forma pauperis*, plaintiff states that he does not receive public benefits and that he does not receive any income from any other source. Despite no stated means of financial support, plaintiff states that he pays $400 to support Diego Melendez and $400 for rent or mortgage. In response to the question whether he has any money, including any in a checking or savings account, he states that he has "15.000." It is unclear whether plaintiff intended to state that he has $15,000.00 or $15.00. Without this information, the Court is unable to determine if plaintiff's financial declaration supports a showing of indigency. Plaintiff is afforded thirty days

2

to file an amended *in forma pauperis* application stating his financial resources.

C. No Municipal Liability

Plaintiff names the City of New York as the sole defendant. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)).

A plaintiff may infer a custom, policy or practice claim via circumstantial evidence, "such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). However, "complaints containing only a conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993); see also, Ricciuti, 941 F.2d at 123 ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Here, plaintiff's sole mention of municipal liability, the statement that his prosecution was undertaken "pursuant to a municipal policy, custom or practice of the [City of New York]," Complaint at ¶ 14, is wholly "conclusory, vague or [a] general allegation[]," and as such is dismissed. Thus, the complaint against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

to file an amended *in forma pauperis* application stating his financial resources.

C. No Municipal Liability

Plaintiff names the City of New York as the sole defendant. In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. Board of County Comm'rs of Bryan County, Okl. v. Brown, 520 U.S. 397, 403 (1997) (citing Monell v. New York City Dep't of Social Servs., 436 U.S. 658 (1978)).

A plaintiff may infer a custom, policy or practice claim via circumstantial evidence, "such as evidence that the municipality so failed to train its employees as to display a deliberate indifference to the constitutional rights of those within its jurisdiction." Ricciuti v. New York City Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991). However, "complaints containing only a conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed." Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993); see also, Ricciuti, 941 F.2d at 123 ("[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy.").

Here, plaintiff's sole mention of municipal liability, the statement that his prosecution was undertaken "pursuant to a municipal policy, custom or practice of the [City of New York]," Complaint at ¶ 14, is wholly "conclusory, vague or [a] general allegation[]," and as such is dismissed. Thus, the complaint against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii).

The Court recognizes that this leaves plaintiff without a named defendant. As a prerequisite to a damage award under § 1983, a plaintiff must allege each defendant's direct or personal involvement in the alleged constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994); Moffit v. Town of Brookfield, 950 F.2d 880, 885 (2d Cir. 1991), or that she or he had actual or constructive notice of the deprivation. Al-Jundi v. Estate of Rockefeller, 885 F.2d 1060, 1065-66 (2d Cir. 1989); McCann v. Coughlin, 698 F.2d 112, 125 (2d Cir. 1983). Should plaintiff wish to pursue his malicious prosecution claim, he should identify the party or parties who were personally involved in the alleged deprivation of his rights or name Jane or John Doe(s), Assistant District Attorney(s), and state facts which support his claim of malicious prosecution against them.[1]

D. Leave to Amend

In light of plaintiff's *pro se* status, the Court grants plaintiff thirty days to amend his complaint. Cruz v. Gomez, 202 F.3d 593, 596-98 (2d Cir. 2000) (*pro se* plaintiff should be afforded an opportunity to amend complaint prior to dismissal). Plaintiff must name defendant(s) and state facts which support his allegation of malicious prosecution against each defendant. While pleading these facts, plaintiff should specify what each individual defendant

---

[1] Plaintiff is reminded that the three-year statute of limitations, applicable to § 1983 claims based on malicious prosecution action, begins to run when the underlying action is conclusively terminated, here November 9, 2004. Murphy v. Lynn, 53 F.3d 547, 548 (2d Cir. 1995); McCeachin v. City of New York, No. 03-CV-6421, 2007 WL 952065, at *3 n.10 (E.D.N.Y. Mar. 29, 2007) (favorable termination of a charge against a potential plaintiff, i.e. acquittal, is a necessary element in a malicious prosecution claim. Therefore, a plaintiff could not have knowledge of the injury serving as the basis for such a claim until he received a favorable verdict).

did or failed to do. Plaintiff is reminded that it is important to link the defendants named in the caption to the events described in the body of the complaint. Plaintiff is also directed to file an amended *in forma pauperis* application as set forth above.

## CONCLUSION

Accordingly, plaintiff is afforded thirty (30) days to file an amended *in forma pauperis* application and an amended complaint setting forth his claim of malicious prosecution. Should plaintiff decide to file an amended complaint, it must be submitted within thirty days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. No summons will issue at this time and all further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, the complaint shall be dismissed. Once submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: Brooklyn, New York
May 17, 2007